UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YVANA VERTUS, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 15-cv-10888-ADB |
| | * |
| THE GENERAL HOSPITAL CORP., | * |
| | * |
| Defendant. | * |

**ORDER**

June 29, 2015

BURROUGHS, D.J.

Plaintiff Yvana Vertus ("Plaintiff") filed a Complaint in Suffolk Superior Court on February 27, 2015, in which she alleges that her former employer, the General Hospital Corporation ("Defendant")[1] wrongfully discriminated against her on the basis of her age, race, and national origin, and failed to pay her wages, in violation of various Massachusetts state laws. Her Complaint sets forth three claims for relief: (1) violation of the Massachusetts non-payment of wages law; (2) violation of M.G.L. c. 149, § 52C (failure to release personnel records); and (3) discrimination in violation of M.G.L. c. 151B [ECF No. 1-1]. Plaintiff's Complaint also seeks injunctive relief forcing Defendant to release her allegedly unpaid wages.

Defendant removed the case to this Court on March 16, 2015 [ECF No. 1]. In its Notice of Removal, Defendant contends that there are grounds to remove this action pursuant to 28 U.S.C. §§ 1441 and 1446, and that the Court has subject-matter jurisdiction because Plaintiff's Complaint pleads federal causes of action. In fact, Plaintiff's Complaint does not, at least on its face, appear to allege any federal claims. Defendant, however, notes that one of the exhibits

---

[1] Plaintiff's Complaint names Massachusetts General Hospital as the Defendant, that entity's legal name is the General Hospital Corporation [See ECF No. 1 p. 1].

1

attached to Plaintiff's Complaint, an administrative charge of discrimination that Plaintiff previously filed with the Massachusetts Commission Against Discrimination ("MCAD") and the United States Equal Employment Opportunity Commission ("EEOC"), referenced federal discrimination laws [ECF No. 1-1, Exhibit 1]. Specifically, Plaintiff's administrative charge alleged that Defendant discriminated against her in violation of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964, both of which are federal statutory causes of action. Defendant argues that because this exhibit is expressly referenced in and "incorporated into" Plaintiff's Complaint, Plaintiff has stated federal causes of action in this case [ECF No. 1 p. 2].

The parties appeared before the Court for an initial Scheduling Conference on June 25, 2015. After the Court asked the parties to address whether the Court, in fact, had subject-matter jurisdiction, counsel for Defendant explained that the case was removed out of an abundance of caution, as it was not clear from Plaintiff's Complaint whether she intended to pursue any federal claims. Plaintiff's counsel responded that jurisdiction was lacking, because Plaintiff's Complaint did not plead any federal claims, nor did Plaintiff intend to plead any federal claims by attaching the MCAD/EEOC administrative charge as an exhibit to her Complaint.

Plaintiff's counsel acknowledged that he had not filed a formal motion to remand, citing Plaintiff's limited financial resources. However, lack of subject-matter jurisdiction is not a defense that may be waived by failure to file a timely motion. See 28 U.S.C. § 1447(c) (providing that a motion to remand "on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal") (emphasis added). Further, the district court "has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting." In re Recticel Foam Corp.,

859 F.2d 1000, 1002 (1st Cir. 1988); see also Am. Policyholders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, 1258 (1st Cir. 1993) (noting that the Court of Appeals was "obliged to address the propriety of removal as a threshold matter even though neither party has raised a question in that regard").

After reviewing the pleadings and hearing from both parties, the Court finds that Defendant's stated grounds for removal are deficient, and that the Court lacks subject matter jurisdiction over this action. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Here, however, no federal question appears on the face of Plaintiff's Complaint. Nor can one be implied from the fact that Plaintiff attached a prior MCAD/EEOC administrative charge as an exhibit. "Reference in a plaintiff's pleadings to an administrative complaint that states a federal-law claim does not create federal-question jurisdiction where the pleadings otherwise do not reference federal law." Kay v. Friendly's Ice Cream, LLC, No. 14-CV-14062-IT, 2014 WL 7361243, at *1 (D. Mass. Dec. 23, 2014). As the court noted in Kay, "administrative charges filed with either [the MCAD or the EEOC] routinely reference both state and federal law, so as to exhaust both state and federal administrative procedures." Id. But when filing litigation, nothing compels a plaintiff to pursue both state and federal claims. See id. Reading Plaintiff's Complaint to imply a federal claim "would have the effect of converting nearly every discrimination claim filed in Massachusetts into a question of federal law." Id.

Further, at the June 25, 2015 Scheduling Conference, Plaintiff's counsel represented, on the record and in open court, that Plaintiff does not intend to plead or pursue any federal claims

in this matter. This further confirms that the Court lacks subject-matter jurisdiction to hear this case.[2] The well-pleaded complaint rule "makes plaintiff the master of the claim," and Plaintiff is entitled to avoid federal jurisdiction by relying exclusively on state law and state causes of action. Caterpillar Inc., 482 U.S. at 392.

For the reasons set forth above, the Court finds that it lacks subject-matter jurisdiction, and it hereby ORDERS that this case be remanded to Suffolk Superior Court for further proceedings. A separate Order of Remand will issue.

**SO ORDERED.**

Dated: June 29, 2015

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
DISTRICT JUDGE

---

[2] The Court does not appear to have diversity jurisdiction pursuant to 28 U.S.C. § 1332, as both parties are alleged to be citizens of Massachusetts [ECF No. 1-1].